RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

APR 2 2 2013

FILED_____
DOCKETED_____
DATE    INITIAL

Case No. 13-15191

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JEFFREY SCHULKEN AND JENIFER SCHULKEN,

Plaintiffs - Appellees,

v.

DONALD R. EARL,

Objector - Appellant,

v.

WASHINGTON MUTUAL BANK, HENDERSON, NEVADA; JPMORGAN CHASE BANK, N.A.,

Defendants - Appellees.

DISTRICT COURT $5,000 COST BOND ORDER FILED ON APRIL 2, 2013

Donald R. Earl (pro se)
3090 Discovery Road
Port Townsend, WA 98368
(360) 379-6604
don-earl@waypoint.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY SCHULKEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON MUTUAL BANK, HENDERSON, NV, et al., <br><br> Defendants. | Case No.: 09-CV-02708-LHK <br><br> ORDER RE: MISCELLANEOUS MOTIONS RELATED TO APPEAL |

Before the Court are (1) Plaintiffs-Appellees Jeffrey and Jenifer Schulken ("Plaintiffs-Appellees") Motion to Compel purported class member, objector, and Appellant Donald R. Earl ("Mr. Earl") to comply with Circuit Rules regarding ordering transcripts for appeal; (2) Plaintiffs-Appellees' Motion to Shorten Time on that motion; (3) Mr. Earl's Motion to Strike a declaration submitted in support of Plaintiffs-Appellees' Motion to Shorten Time; and (4) Plaintiffs-Appellees' Motion to Set an Appeal Bond. The Court held a hearing on the motions on March 28, 2013. Having considered the parties' submissions, oral argument, and the relevant law, the Court GRANTS the Motion to Compel, DENIES as moot the Motion to Shorten Time, and GRANTS IN PART and DENIES IN PART both the Motion to Strike and the Motion for Bond.

**I.    BACKGROUND**

Plaintiffs filed the instant class action on June 18, 2009, alleging that Defendants Washington Mutual Bank and JPMorgan Chase Bank, N.A. had violated state and federal law relating to home equity lines of credit ("HELOCs") following the collapse of the housing market in late 2008. On April 27, 2012, the parties reached an agreement and moved for preliminary approval of a class action, which the Court granted on July 25, 2012. ECF No. 203; ECF No. 210. On October 15, 2012, Mr. Earl filed an objection to the settlement. ECF No. 213. On November 8, 2012, the Court held a fairness hearing which Mr. Earl did not attend. On November 13, 2012, the Court overruled Mr. Earl's objections, granted final approval to the settlement, and extended the settlement opt-out deadline to permit Mr. Earl to exclude himself from the class and bring his individual claims separately. ECF No. 223. Rather than opting out, Mr. Earl filed a motion to vacate the judgment pursuant to Rule 60(b), which the Court denied on January 1, 2013. ECF No. 237.

On January 28, 2012, Mr. Earl filed a Notice of Appeal of four Orders of this Court, alleging inadequate representation by lead plaintiffs, a "disproportionate" settlement distribution, and an inadequate opt-out notice. ECF No. 238.[1] On that day, Mr. Earl sent an email to Plaintiffs-Appellees' counsel indicating that he was not planning to order any transcripts for purposes of the appeals. On February 11, 2013, Plaintiffs-Appellees sent an email and attached letter to Mr. Earl, requesting that Mr. Earl order three hearing transcripts, pursuant to Circuit Rule 10-3.1(b). *See* ECF No. 240; ECF No. 243. Also on February 11, 2013, Mr. Earl responded by email that he would not order the requested transcripts because the deadline to make such a request had expired. *See id.*; ECF No. 242-2, Ex. B; ECF No. 243; ECF No. 244.

On February 15, 2013, Plaintiffs-Appellees filed a Motion to Compel Donald R. Earl to File a Certification and Explanation under Circuit Rule 10-3.1 or to Arrange and Pay for Transcripts ("Motion to Compel"), ECF No. 241, and an Administrative Motion to Shorten Time Under Local Rule 6-3 ("Motion to Shorten Time"), ECF No. 242. On February 21, 2013, Mr. Earl filed an

---

[1] Mr. Earl appeals the Courts' Orders: (1) granting in part and denying in part class certification, ECF No. 184; (2) granting preliminary approval to the settlement, ECF No. 210; (3) granting final approval over Mr. Earl's objections, ECF No. 223, and (4) denying Mr. Earl's post-judgment Motion to Vacate, ECF No. 238.

2

Case No.: 09-CV-02708-LHK
ORDER RE: MISCELLANEOUS MOTIONS RELATED TO APPEAL

1  Opposition to the Motion to Shorten Time and a Cross Motion to Strike the declaration
2  accompanying the Motion to Shorten Time ("Motion to Strike"), ECF No. 243. On March 4, 2013,
3  Mr. Earl filed an Opposition to the Motion to Compel, ECF No. 247. On March 7, 2013, Plaintiffs'
4  Appellees filed a Reply in Support of the Motion to Shorten Time and an Opposition to the Motion
5  to Strike, ECF No. 249. On March 8, 2013, Plaintiffs-Appellees filed a Reply in Support of the
6  Motion to Compel, ECF No. 251.
7       Also on February 15, 2013, Plaintiffs-Appellees filed a Motion for Posting of an Appeal
8  Bond by Objector Donald R. Earl to Secure Payment of Costs on Appeal ("Bond Motion"), EFC
9  No. 240. On March 4, 2019, Mr. Earl filed an Opposition to the Bond Motion, ECF No. 246, and
10 on March 8, 2013, Plaintiffs-Appellees posted a Reply, ECF No. 250.

11 **II.   MOTION TO COMPEL**
12      The parties agree that the Motion to Compel is governed by Circuit Rule 10-3.1(a), (b), and
13 (f), which outline the process for obtaining transcripts for the purposes of appeal, and Federal Rule
14 of Appellate Procedure 26 ("Rule 26") governing calculations of time, but disagree on the
15 application of these rules. For the reasons set forth below, the Court deems Plaintiffs-Appellees'
16 interpretation of the rules proper and GRANTS the Motion to Compel.
17      Circuit Rule 10-3.1(a) provides that, unless the parties have agreed on which portions of the
18 transcript to order, or an appellant intends to order the entire transcript, an appellant must serve on
19 an appellee notice specifying which portions, if any, appellant intends to order. In this case, the
20 parties agree that Mr. Earl complied with this requirement by notifying Plaintiffs-Appellees on
21 January 28, 2013, that he did not intend to order any portion of the transcript.
22      Circuit Rule 10-3.1(b) states that "[w]ithin 10 days of the service date of appellant's initial
23 notice, appellee may respond . . . by serving on appellant a list of any additional portions of the
24 transcript that appellee deems necessary to the appeal." Mr. Earl submits that because he served
25 his initial notice on January 28, 2013, and did not receive Plaintiffs-Appellees' request until
26 February 11, 2013, the request was untimely, and he need not respond to the request. However,
27 Plaintiffs-Appellees rely on Rule 26 to justify their contention that their service was indeed timely.
28 Rule 26(c) provides that "[w]hen a party may or must act within a specified time after service, 3

3

Case No.: 09-CV-02708-LHK
ORDER RE: MISCELLANEOUS MOTIONS RELATED TO APPEAL

days are added after the period would otherwise expire under Rule 26(a), unless the paper is delivered on the date of service stated in the proof of service." Rule 26(c) further specifies that "a paper that is served electronically is not treated as delivered on the date of service stated in the proof of service" for the purposes of this rule. Thus, because Mr. Earl electronically served his initial notice (and did not physically deliver it), Rule 26(c) offered Plaintiffs-Appellees an additional 3 days for a timely response. Because the thirteenth day after Mr. Earl's initial notice was Sunday, February 10, Rule 26(a) operated to allow Plaintiffs-Appellees to respond on Monday, February 11.[2]

Mr. Earl agrees with this reasoning, but also maintains that Rule 26(c) "cuts both ways," such that Plaintiffs' service was not deemed to be completed until 3 days after the actual day of service. *See* ECF No. 247 at 4; ECF No. 241 n.2. Mr. Earl does not cite any legal authority for his interpretation, and the Court can find no basis for it in the language of Rule 26(c), which adds 3 days to a period "when a party must act within a specified time after service." The Rule does not impact the effective date of service. Mr. Earl's interpretation – that timely service on February 11 should in fact be considered untimely service on February 14 – is particularly indefensible in light of the fact that he confirmed receiving the transcript request on February 11. Because notice was timely and proper, the Court need not decide the application of Circuit Rule 10-3.1 with respect to untimely appellee requests for transcripts.

Nor does the Court find merit in any of Mr. Earl's other objections. First, Mr. Earl contends that Plaintiffs-Appellees' request for transcripts was improper due to the absence of proof of service, citing Local Rule 5-5, which requires a certificate of service for "any pleading or other paper presented for filing." However, Circuit Rule 10-3.1(b) does not require appellants to file

---

[2] Rule 26(a)(1)(C) specifies that "if the last day [of a time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The Advisory Committee Notes to Rule 26 clarify that this is the correct application of the interaction between Rule 26(a) and (c). ("[A] party that is required or permitted to act within a prescribed period should first calculate that period, without reference to the 3-day rule provided by Rule 26(c), but with reference to the other time computation provisions of the Appellate Rules. After the party has identified the date on which the prescribed period would expire but for the operation of Rule 26(c), the party should add 3 calendar days. The party must act by the third day of the extension, unless that day is a Saturday, Sunday, or legal holiday, in which case the party must act by the next day that is not a Saturday, Sunday, or legal holiday.")

4

Case No.: 09-CV-02708-LHK
ORDER RE: MISCELLANEOUS MOTIONS RELATED TO APPEAL

their requests for transcripts with the Court, and thus Local Rule 5-5 is inapplicable. Mr. Earl further cites Circuit Rule 30-1.2, which exempts *pro se* litigants from the Ninth Circuit's requirement to submit their own excerpts of the record (in place of the appendix prescribed by Federal Rule of Appellate Procedure 30). The language of Circuit Rule 30-1.2 does not affect the obligations of *pro se* litigants with respect to the application of other rules, and does not undermine Mr. Earl's obligation to comply with Circuit Rule 10-3.1 and either pay for the transcripts requested by Plaintiffs-Appellees, or certify to the Court why he should not be required to pay. Mr. Earl's argument that Circuit Rule 30-1.7 relieves him of his obligation is similarly unavailing. Circuit Rule 30-1.7 states that if an appellant does not file excerpts of record under subsection 30-1.3 (which Mr. Earl does not intend to do), then the contents of an appellee's supplemental excerpts are limited to the district court docket sheet, the notice of appeal, the judgment or order appealed from, and any specific portions of the record cited in appellee's brief. As set forth below, Plaintiffs-Appellees will cite several portions of the transcripts in their answering brief, *see* ECF No. 251, at 6, and thus their request for the transcripts is not precluded by Circuit Rule 30-1.7.

Plaintiffs-Appellees have requested the following transcripts: (1) October 13, 2011 Transcript of Hearing on Revised Motion to Certify Class; (2) July 19, 2012 Transcript of Hearing on Motion for Preliminary Approval of Class Action Settlement Agreement; and (3) November 8, 2012 Transcript of Hearing on Motion for Final Approval of Class Action Settlement Agreement. Plaintiffs-Appellees provide a detailed and persuasive explanation of the reasons for their request. ECF No. 241 at 6-7. Specifically, because Mr. Earl has raised procedural concerns, including constitutional due process challenges to the class certification and class settlement in this case, the requested transcripts related to class certification and class settlement are likely to be highly relevant on appeal. *Id.* If Mr. Earl continues to refuse to dispute the relevance and scope of the requested transcripts, he must do so by filing a certification with this Court, pursuant to Circuit Rule 10-3.1.

Mr. Earl is herby ORDERED to either arrange payment for the requested transcripts or certify an explanation of his refusal to do so within 5 days of this Order. Mr. Earl shall seek any

5

Case No.: 09-CV-02708-LHK
ORDER RE: MISCELLANEOUS MOTIONS RELATED TO APPEAL

necessary extensions or accommodations from the Ninth Circuit, as provided under Circuit Rule 10-3.1, with respect to the expired Transcript Order deadline of March 1, 2013.

### III. MOTION TO SHORTEN TIME

Because this Court has ruled on the Motion to Compel, the Motion to Shorten Time is now DENIED as Moot.

### IV. MOTION TO STRIKE

Mr. Earl's Motion to Strike consists of an allegation that the Declaration of Steven L. Woodrow in Support of Administrative Motion to Shorten Time Under Local Rule 6-3 ("Woodrow Declaration") "contains opinions, arguments, conclusions of fact and conclusions of law, in violation of local CR 7-5(b)." United States District Court for the Northern District of California Civil Local Rule 7-5(b) states:

> An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

Mr. Earl provides no further specification or analysis of his allegations. However, the Court will strike as factual conclusions the first sentence of Paragraph 3 of the Woodrow Declaration, which reads, "In his communications with Counsel and through his actions thus far, Earl has shown that he intends to delay the proceedings and has demonstrated unwillingness to engage in constructive discussions." ECF No. 241-1. *Cf. Page v. Children's Council*, C 06-3268 SBA, 2006 WL 2595946 (N.D. Cal. Sept. 11, 2006). The Motion to Strike the remainder of the Woodrow Declaration is DENIED.

### V. BOND MOTION

#### A. Legal Standard

The parties do not dispute that Federal Rule of Appellate Procedure 7 ("Rule 7") governs Plaintiffs-Appellees' Motion for Bond, and provides in relevant part that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The need for a bond,

as well its amount, are left in the discretion of the trial court. *See Fleury v. Richemont N. Am., Inc.*, C-05-4525 EMC, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008) (citing Fed. R. App. P. 7, 1979 advisory committee notes).

### B. Need for Bond

Neither Rule 7 nor the Ninth Circuit have provided explicit guidance in enumerating the factors a court should consider in determining whether to require a bond. However, in applying relevant Ninth Circuit precedent, district courts have articulated three relevant elements of the inquiry: (1) appellant's financial ability to post bond; (2) the risk that appellant would not pay the costs if the appeal loses; and (3) an assessment of the likelihood that appellant will lose the appeal and be subject to costs. *See Fleury*, 2008 WL 468033, at *7 (applying the reasoning of *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007)); *Miletak v. Allstate Ins. Co.*, No. C 06-03779 JW, 2012 WL 3686785, at *1.

The first factor, ability to pay, is grounded in due process concerns. *See Azizian*, 499 F.3d at 961 (noting constitutional concern regarding unduly burdening the right to appeal). District courts have found this factor weighs in favor of a bond, absent an indication that a plaintiff is financially unable to post bond. *Fleury*, 2008 WL 4680033, at *7; *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012). Here, Mr. Earl has made no indication that he is financially unable to post bond, and Plaintiffs-Appellees point to evidence in the record that Mr. Earl affirmatively has the financial ability to pay. *See* Bond Motion, ECF No. 240, at 5 (noting Mr. Earl's prior declaration regarding holding large cash balances, and his frequent litigation); *cf. Gemelas v. Dannon Co., Inc.*, No. 1:08 CV 236, 2010 WL 3703811 (N.D. Ohio Aug. 31, 2010) (finding a serial class action objector had evidenced financial ability to pay appeal bond). Consequently, nothing in the record indicates that an appeal bond will amount to an undue burden on Mr. Earl.

Regarding the second factor, courts in the Northern District have recognized that collecting costs from out of state appellants may be difficiult. *See Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012) (citing *Fleury*, 2008 WL 8468033, at *7). This factor is particularly troubling when an appellant lives outside the jurisdiction of the

7

Case No.: 09-CV-02708-LHK
ORDER RE: MISCELLANEOUS MOTIONS RELATED TO APPEAL

Ninth Circuit. *See id.* In this case, Mr. Earl resides in Washington State, within the jurisdiction of the Ninth Circuit, but outside the jurisdiction of this Court. In light of Mr. Earl's unwillingness to comply with the Circuit Rules regarding payment for transcripts, it is not unreasonable for Plaintiffs-Appellees to anticipate difficulty in collecting costs awarded by this Court on appeal. This factor weighs in favor of requiring an appeal bond.

Finally, the third factor weighs heavily in favor of setting an appeal bond. Mr. Earl raises concerns regarding the adequacy of representation of the lead plaintiffs, the distribution of settlement funds, and the sufficiency of notice, all of which have been thoroughly addressed by this Court. ECF No. 238-2. Regarding sufficiency of representation, the Court carefully considered and limited the proposed class, denying class certification with respect to injunctive relief. *See* Order Granting in Part and Denying in Part Motion to Certify Class Action, ECF No. 184; and Final Approval Order, ECF No. 223. The Court further found that the parties' proposed settlement had been conducted in good faith, by experienced attorneys negotiating at arms length, and with the assistance of an experienced mediator, and that the settlement amounts represented "fair value." ECF No. 223. Lastly, the Court has issued two opinions regarding Mr. Earl's claims of insufficient notice (which were raised both in Mr. Earl's initial objections and his Motion to Vacate). Both times, the Court found the claims meritless. *See* Order Granting Final Approval to Class Action Settlement, ECF No. 223, at 8 ("The Court overrules the objections raised by Donald R. Earl, after having considered his objections, related filings, and arguments stated on the record."); Order Denying Motion to Set Aside Judgment, ECF No. 237, at 5 ("The Court has found that Mr. Earl's filings have failed to raise meritorious legal theories."). The Court found that Mr. Earl's contentions of insufficient notice lacked any legal basis, and that his allegations of fraud were "baseless." ECF No. 237, at 3-4. Given the lack of meritorious grounds for Mr. Earl's previous challenges, the Court finds it likely that Mr. Earl may not prevail on appeal.

Therefore, the Court finds that all three factors weigh in favor of setting an appeal bond, and GRANTS Plaintiffs-Appellees' request to set a bond.

### C. Amount of Bond

Plaintiffs-Appellees request $10,000 for taxable costs, including the cost of ordering the transcripts for appeal, and $10,000 for the costs of administrative delay. They do not request attorney's fees. By contrast, Mr. Earl alleges that the bond amount should not exceed $300 in costs, assuming that transcripts will be largely unnecessary, and does not specifically address the issue of administrative delay.

### i. Costs Taxable under Federal Rule of Appellate Procedure 39(e)

Based on the plain language of Rule 7, neither party disputes that this Court may set the bond at the "amount necessary to ensure payment of costs on appeal," Fed. R. App. P. 7. These costs clearly include the costs taxable under Federal Rule of Appellate Procedure 39(e) for "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e). *See Azizian*, 499 F.3d 950, 955-59. However, the parties' estimates of such expenses differ dramatically.

Mr. Earl contends that Plaintiffs-Appellees will file no more than one brief at a maximum length of 50 pages, with a maximum number of copies of 27 if en banc hearing is necessary. *See* ECF No. 246 at 3. Mr. Earl correctly states that the Ninth Circuit has set a 10 cent maximum in assessing costs of copies, and thus estimates that the total cost of copying briefs would not exceed $150. *Id.* (citing Cir. R. 39-1). Because Mr. Earl insists that excerpts of the record will be largely unnecessary, he concludes that copying costs should not exceed $300. *Id.*

By contrast, Plaintiffs-Appellees estimate that taxable costs will total approximately $10,000. Noting that Rule 7 does not require a showing of alleged costs, Plaintiffs-Appellees do not identify the calculation of these estimated costs with specificity. *See* ECF No. 240 at 10. They do note that they anticipate incurring "substantial costs" taxable under Rule 39(e), emphasizing that their appellate briefs will address litigation that spans nearly three years, and the appeal of four separate orders from the Court. *See id.* However, Plaintiffs-Appellees include in their estimate the "printing and administrative costs associated with the appellate briefs," *id.*, which may include costs beyond those authorized by Rule 39(e) for "preparation and transmission of the record," or the "fee for filing the notice of appeal." Additionally, Plaintiffs-Appellees include in their $10,000

9

estimate the cost of ordering transcripts. *Id.* at 11. At the hearing on March 28, 2013, Plaintiffs-Appellees' counsel estimated that the cost of transcripts comprised approximately 25% of the estimated taxable costs. In this Order, the Court has recognized that the requested transcripts are likely to be relevant on appeal, and has compelled Mr. Earl to pay for the transcripts, or to explain why he should not be required to do so.

The Court finds that taxable costs associated with preparing and transmitting the relevant record of this case may indeed be substantial, but that Plaintiffs-Appellees' estimate is over-inclusive. As a result, the Court reduces Plaintiffs-Appellees' requested bond amount by 25% based on the potentially overly broad nature of the Plaintiffs-Appellee's estimate of costs associated with the briefs, and by an additional 25% based on the presumption that Mr. Earl will pay for the transcripts. The Court hereby ORDERS Mr. Earl to post a bond pursuant to Rule 7 of $5,000. If Plaintiffs-Appellees do take on the cost of ordering transcripts or otherwise stand to incur taxable expenses beyond this amount, the Court may increase the amount of bond required.

### ii. Administrative Delay

Plaintiffs-Appellees' also request $10,000 that represents the "administrative costs" of addressing settlement delay, including the costs of corresponding with class members, ensuring that class members' contact information remains current, maintaining the settlement website, and paying the claims administrator for its services. ECF No. 240, at 12-13. Mr. Earl interprets this as a request for attorney's fees, and therefore alleges that it is foreclosed by the Ninth Circuit. ECF No. 246 (citing language from *Azizian*, 499 F.3d 950, holding that an appeal bond cannot include appellate attorney's fees that might be awarded if the appellate court finds an appeal frivolous under Federal Rule of Appellate Procedure 38).

*Azizian*'s holding is more nuanced than Mr. Earl represents. The Ninth Circuit did not categorically foreclose including attorney's fees in a Rule 7 bond, but rather held that the "costs on appeal" contemplated by Rule 7 include all expenses defined as "costs" by an applicable fee-shifting statute (including attorney's fees). *Azizian*, 499 F.3d at 958 (noting that a district court may include "costs" on appeal, as expressly defined by rule or statute). However, the Ninth Circuit

did make clear that a district court may not include in the bond amount attorney's fees that would be imposed under Federal Rule of Civil Procedure 38 for filing a frivolous appeal. *Id.* at 960.

In this case, Plaintiffs-Appellees do not in fact seek a bond for attorney's fees, but rather for another set of costs beyond those taxable under Federal Rule of Appellate Procedure 39(e) – the administrative costs of delaying settlement. Under *Azizian*, it is clear that this Court may include such expenses in the appeal bond if an applicable rule or statute defines them as "costs." *Id.* By contrast, if such delay expenses are more properly deemed "damages" of delay, the Court may not include them in the appeal bond. *See Fleury*, 2008 WL 4680033 at *8 (finding that "delay damages" may not be included as "costs" for the purposes of Rule 7, especially because such damages may fall within the purview of 28 U.S.C. § 1912 (allowing prevailing party to recover just damages for delay following affirmance on appeal)). *Cf. In re IPO Sec. Litig.*, 721 F.Supp.2d 210 (2010) (excluding delay expenses from the amount of an appeal bond, absent authorization by an applicable fee-shifting statute). *Fleury* explicitly distinguished cases to the contrary that preceded the Ninth Circuit's decision in *Azizian*. 2008 WL 4680033 at *8.

Plaintiffs note that some courts have recognized administrative expense of delay as "costs" for the purpose of Rule 7, even without identifying an authorizing fee-shifting statute. In the single post-*Azizian* case relied on by Plaintiffs-Appellees, the *Miletak* Court distinguished between "delay damages" (caused by the delay in recovering the award) and the "administrative costs" of responding to class members' needs pending the appeal, and included the latter in assessing the amount of an appeal bond. *Miletak*, 2012 WL 3686785 (citing Order Granting Plaintiff's Motion for Reconsideration; Requiring Appellate Bond at 4 n. 12, Docket Item No. 265 in No. 09–01808 JW). This opinion did not identify any fee-shifting statute authorizing administrative expenses as "costs," but nonetheless interpreted such expenses as falling within the meaning of "costs" in Rule 7.

At the March 28, 2013 hearing, Plaintiffs-Appellees were unable to identify any additional precedent or statutes authorizing administrative expenses as "costs," and could neither concretely identify the basis for their $10,000 estimate, nor clearly distinguish the projected costs from those

11

Case No.: 09-CV-02708-LHK
ORDER RE: MISCELLANEOUS MOTIONS RELATED TO APPEAL

1  that could be claimed as attorney's fees. As a result, the Court declines to include the $10,000 of
2  administrative costs in the appeal bond.
3  **IT IS SO ORDERED.**
4  Dated: April 2, 2013                    _Lucy H. Koh_
                                            LUCY H. KOH
5                                           United States District Judge